**Jonathan Henderson, WSBA No. 54263**
E-mail: jhenderson@davisrothwell.com
**DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.**
200 S.W. Market Street, Suite 1800
Portland, Oregon 97201
Tel: (503) 222-4422
Fax: (503) 222-4428
**Attorney for Defendant**

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON - TACOMA

| | |
|---|---|
| MINKA WALLACE, | Case No. 3:20-CV-05643-BHS |
| Plaintiff, | **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO FED. R. CIV. P. 56** |
| v. | |
| STEPHEN C. HOLDEN, | NOTE ON MOTION CALENDAR: 08/28/2020 |
| Defendant. | **Request for Oral Argument** |

Pursuant to LCR Local Rules W.D. Wash. 7(e)(3) this motion does not exceed 24 pages.

**I.     INTRODUCTION**

This is a diversity case involving a single claim for negligence relating to personal injuries sustained in an auto accident that occurred in Vancouver, Washington on July 19, 2015. Plaintiff is an Oregon resident, and Defendant is a citizen and resident of the United Kingdom.[1]

---

[1] Plaintiff originally filed in the Multnomah County Circuit Court, and asserted a highly dubious argument regarding personal jurisdiction. She argued that the Oregon courts had *general* jurisdiction over Defendant because he had not canceled his Oregon drivers' license following his return to his home in the UK. A half dozen cases around the country were directly on point and supported Defendant. No cases from any jurisdiction were on point and supported plaintiff. The Oregon Court of Appeals agreed. *See Wallace v. Holden*, 297 Or. App. 824, 826, 445 P.3d 914, 916 (2019), *review denied*, 365 Or. 557, 451 P.3d 1005 (2019). Defendant introduced the

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 1**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

1  Plaintiff's claim is barred by the statute of limitations. Because this is a diversity case in a

2  Washington court regarding an accident that occurred in Washington, this forum's law applies.

3  Washington has a three-year statute of limitations for personal injury negligence actions like this

4  one. Plaintiff commenced this suit in the Oregon Federal District Court on March 9, 2020,

5  approximately <u>20 months</u> after the applicable Washington statute of limitations expired.

6  Defendant is therefore entitled to judgment in his favor.

7      In an effort to avoid the limitations defense, Plaintiff alleges the statute of limitations was

8  tolled on his claim under RCW 4.16.180, but Washington Supreme Court precedent clearly states

9  that if the Defendant is amendable to service under The Hague Convention, the tolling statute

10 does not apply. Plaintiff served Defendant in this action with the summons and Complaint

11 through The Hague Convention, so the tolling statute does not apply.

12     Plaintiff also relies on Oregon statutes to argue that her claim is timely. But Oregon law

13 does not apply here. And she alleges she was somehow precluded from timely filing her action in

14 Washington because the Oregon circuit court dismissed her action with prejudice for lack of

15 personal jurisdiction. This is simply not true. There was nothing stopping Plaintiff from timely

16 filing her lawsuit in Washington, whether in the superior courts or in this Court.

17     The only other argument that Plaintiff asserts regarding the timeliness of her claim is

18 equitable tolling. Because this is a diversity case, the Court looks to state law regarding equitable

19 tolling, and under Washington law equitable tolling does not apply here because the predicates

20 for application of equitable tolling are bad faith, deception or false assurances by the defendant,

21 and diligence by the plaintiff. Defendant did not engage in any of that conduct here. To the

22 contrary, Defendant told Plaintiff that this matter belonged in Washington years before the

23 _____

24 state court file, both trial and appellate, in the briefing before the Oregon Federal District Court
25 on Defendant's motion to dismiss.

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT
(3:20-cv-05643-BHS)
Page 2**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
T (503) 222-4422  F (503) 222-4428

statute of limitations expired. Plaintiff commenced and maintained this action in the wrong courts—courts with no personal jurisdiction over Defendant—at her own peril, and should not be permitted to invoke equitable tolling now. And Plaintiff did not act diligently. She knew that Defendant was going to assert a limitations defense and still waited three months to file her federal Complaint after entry of the amended judgment in the Oregon state court. This demonstrates a lack of diligence. Plaintiff therefore cannot meet any of the necessary predicates for application of equitable tolling. Defendant is entitled to judgment in his favor.

## II.  MOTION

Pursuant to Fed. R. Civ. P. 56, Defendant moves the Court for an order granting him summary judgment on the grounds that the claim against him is time barred. This motion is supported by the points and authorities that follow, the declaration of Jonathan Henderson and the attachments thereto, filed herewith, and the Court's own record of the case.

## III.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the pleadings, discovery, disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT**
**(3:20-cv-05643-BHS)**
**Page 3**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

1  *Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative
2  evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).
3      The Court must consider the substantive evidentiary burden that the nonmoving party
4  must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S.
5  at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of
6  controversy in favor of the nonmoving party only when the facts specifically attested by that
7  party contradict facts specifically attested by the moving party. The nonmoving party may not
8  merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence
9  can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (citing
10 *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient,
11 and missing facts are not presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

12     **IV.    FACTS RELEVANT TO THE MOTION**

13     The relevant facts are few and straightforward. Plaintiff commenced this action in the
14 Oregon Federal District Court on March 9, 2020, and alleges she was injured in an accident in
15 Vancouver, Washington with Defendant on July 19, 2015. Doc. 1, ¶ 4. The claim is therefore
16 barred on the face of the Complaint pursuant to RCW 4.16.080(2). Plaintiff concedes in her
17 Complaint that her action is subject to a three-year statute of limitations. Doc. 1, ¶ 4. In an effort
18 to avoid the limitations defense, Plaintiff includes a small section in her Complaint that she has
19 entitled "**TIMELINESS OF CLAIM**." She first invokes RCW 4.16.180 and ORS 12.15 and
20 argues that these statutes toll the applicable statute of limitations "for anyone who is outside the
21 State." She next argues that she was prevented from filing in the proper jurisdiction because of
22 the judgment of dismissal entered by the Oregon circuit court. She next invokes another Oregon
23 statute, ORS 12.220, to argue that her claim is timely. Finally, Plaintiff alleges her claim is
24 timely because the statute of limitations should be equitably tolled, relying on federal cases
25 applying federal and not state law.

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT**
**(3:20-cv-05643-BHS)**
**Page 4**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

From the time Plaintiff commenced this action in the Multnomah County Circuit Court in 2016, counsel for Defendant have told Plaintiff's counsel that the action needed to be commenced in Washington, and that Oregon was not the appropriate jurisdiction. Declaration of Jonathan Henderson, ¶ 3; Exhibit A. Plaintiff's counsel responded that he simply "did not want to" litigate the case in Washington. *Id.*

## V. WASHINGTON SUBSTANTIVE LAW APPLIES

This is a diversity action, and while the matter was transferred from the Oregon Federal District Court for lack of personal jurisdiction over the Defendant, Washington substantive law applies to the case. *Nelson v. International Paint Co.*, 716 F.2d 640, 643 (9th Cir.1983). The Eighth Circuit, after first noting that there appears to be complete consensus among the circuits on this issue, explained the rationale for the rule:

> Our sister circuits' apparently universal agreement on this general rule is grounded in well-established choice-of-law principles. The plaintiff has the choice of the initial forum. If he chooses an improper venue or one that lacks personal jurisdiction over the defendants, then application of the law of the original, legally defective forum upon transfer to a legally appropriate forum carries dual risks. First, it may create unfairness to defendants. A defendant in such a situation does not expressly or impliedly consent to suit in the defective forum, yet she would be made to suffer the choice-of-law consequences of a plaintiff's mistake in choosing such a forum to file his lawsuit. Second, a rule calling for application of the law of the defective forum may encourage procedural gamesmanship among plaintiffs generally. Such a rule creates an incentive for plaintiffs to engage in undue forum shopping; that is, it opens the possibility for a plaintiff to intentionally file a case in a forum with advantageous law (but without venue and/or personal jurisdiction), with the knowledge that he will receive the benefits of the law so long as he can convince the original district court to transfer the case rather than dismiss it outright.

*Eggleton v. Plasser & Theurer Exp. Von Bahnbaumaschinen Gesellschaft, MBH*, 495 F.3d 582, 588–89 (8th Cir. 2007).

///

DEFENDANT'S MOTION FOR SUMARY JUDGMENT
(3:20-cv-05643-BHS)
Page 5
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

Washington's statute of limitations is part of the substantive law that applies here. "The limitation period to be applied is also that of the transferee forum." *Haire v. Miller*, 447 F. Supp. 57, 63 (N.D. Miss. 1977) (citing 1 Moore's *Federal Practice* P 0.145(4.-5) at 1613 (2d ed. 1977)). *See also Bealle v. Nyden's Inc.,* 245 F.Supp. 86, 89-92 (D.Conn.1965) (same); *Lafferty v. St. Riel*, 495 F.3d 72, 81 (3d Cir. 2007), as amended (July 19, 2007), as amended (Nov. 23, 2007) (same). In *Nelson v. Int'l Paint Co.*, 716 F.2d 640, 644 (9th Cir. 1983), the Ninth Circuit affirmed the district court's application of the transferee jurisdiction's statute of limitations.

Plaintiff relies on Washington law in her Complaint even though she filed it in the Oregon Federal District Court. Plaintiff even concedes in her Complaint that Washington's three-year statute of limitations applies. Complaint, ¶ 4. Washington law applies to Plaintiff's claim.

## VI. WASHINGTON'S THREE-YEAR STATUTE OF LIMITATIONS APPLIES TO PLAINTIFF'S CLAIM

In her Complaint, Plaintiff correctly notes that Washington has a three-year statute of limitations for tort claims like the one Plaintiff has asserted. *See* Paragraph 4 of Plaintiff's Complaint. That statute is RCW 4.16.080(2). That statute reads:

> The following actions shall be commenced within three years:
> * * *
> (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated[.]

## VII. PLAINTIFF'S CLAIM IS BARRED ON THE FACE OF THE COMPLAINT

Plaintiff commenced this lawsuit on **March 9, 2020**. Doc 1. The accident from which this lawsuit arises occurred on **July 19, 2015**. Doc 1, ¶ 4. On its face, the claim is barred by the three-year statute of limitations by approximately 20 months.

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 6**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

## VIII. WASHINGTON'S TOLLING STATUTE DOES NOT APPLY

Plaintiff's first argument in avoidance of the limitations defense is an invocation of both Washington and Oregon's tolling statutes, RCW 4.16.180 and ORS 12.150, respectively. Complaint, ¶ 5. The Oregon statute plainly does not apply to this action for the reasons set forth above. The Washington statute does not apply either.

RCW 4.16.180 states:

> If the cause of action shall accrue against any person who is a nonresident of this state, or who is a resident of this state and shall be out of the state, or concealed therein, such action may be commenced within the terms herein respectively limited after the coming, or return of such person into the state, or after the end of such concealment; and if after such cause of action shall have accrued, such person shall depart from and reside out of this state, or conceal himself or herself, the time of his or her absence or concealment shall not be deemed or taken as any part of the time limit for the commencement of such action.

RCW § 4.16.180.

This statute does not apply where the nonresident foreign defendant may be served through the Hague Convention. *Broad v. Mannesmann Anlagenbau, A.G.*, 141 Wn.2d 670, 677, 10 P.3d 371, 375 (2000), opinion after certified question answered sub nom., *Broad v. Mannesmann Anlagenbau AG*, 10 Fed. Appx. 543 (9th Cir. 2001). In *Broad*, the Washington Supreme Court, in answering a certified question from the Ninth Circuit, held that RCW 4.16.180 does not apply to toll the statute of limitations on a claim against a German defendant because the German defendant was amendable to service through the Hague Convention. "Here, the Hague Convention provides for service of process, and therefore RCW 4.16.180 does not apply." *Id*. at 681. *See also Summerrise v. Stephens*, 75 Wash.2d 808, 454 P.2d 224 (1969) (tolling statute does not apply where the defendant can be served with process).

Here, Defendant was served in England through the Hague Convention, so RCW 4.16.180 does not apply to toll the statute of limitations on plaintiff's claim against Defendant.

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 7**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

See Doc 8 (affidavit of service, stating that defendant was served in accordance with the Hague Convention). *Broad* could not be more on point, except perhaps if Defendant resided in Germany rather than the U.K. RCW 4.16.180 does not apply here, and does not serve to toll the statute of limitations on Plaintiff's claim.

### IX. PLAINTIFF WAS NOT PREVENTED FROM TIMELY FILING HER ACTION IN THE PROPER JURISDICTION

Plaintiff next argues that the judgment from the Multnomah County Circuit Court dismissing her case for lack of personal jurisdiction prevented her from filing her lawsuit in the proper jurisdiction because the dismissal was with prejudice. Complaint, ¶¶ 6-8. Plaintiff is wrong. "[A] dismissal for want of personal jurisdiction is *not* a judgment "on the merits" for the purpose of res judicata." *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) (emphasis in original); Restatement (Second) of Judgments ("Restatement") § 20(1) (1982) ("A personal judgment for the defendant, although valid and final, does not bar another action by the plaintiff on the same claim: (a) When the judgment is one of dismissal for lack of jurisdiction...."); *accord* 18A Charles Alan Wright et al., *Federal Practice and Procedure: Jurisdiction* ("*Federal Practice*") § 4436, at 154, 168–70 (2d ed. 2002). "By definition, dismissal for lack of personal jurisdiction is not on the merits and cannot operate as a final judgment on the merits for res judicata purposes. See Fed.R.Civ.P. 41(b)." *Doscher v. Swift Transp. Co., Inc.*, C10-5545RBL, 2010 WL 3655941, at *2 (W.D. Wash. Sept. 16, 2010).

Indeed, Plaintiff would not have been precluded from refiling her suit, *even under Oregon law*. In her brief to the Oregon Court of Appeals, Plaintiff correctly noted that even where a case is dismissed with prejudice for lack of personal jurisdiction, the plaintiff will not be prevented from filing another action in the appropriate jurisdiction. In *Sutherland v. Brennan*, 131 Or. App. 25, 883 P.2d 1318 (1994), *aff'd*, 321 Or. 520, 901 P.2d 240 (1995), the defendant moved to dismiss for lack of personal jurisdiction. The trial court agreed, and "[t]he case was

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 8**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

dismissed with prejudice." *Id.* at 28. In response to an argument made by the dissent that the plaintiff will be denied her right to a jury trial, the majority said: "Plaintiff has not been denied a jury trial. At most, he has been denied a trial involving these claims against this defendant in *Oregon*. His right to pursue the matter in the California courts is unaffected." *Id.* at 34. The Supreme Court affirmed the majority. 321 Or. 520 (1995).

The dismissal from the Multnomah County Circuit Court did not bar Plaintiff from filing a timely claim in Washington, whether in state court or in this Court. Plaintiff could have, but did not, simply file a new action in Washington despite knowing that she was able to do so, as is evidenced by her discussion of *Sutherland* in her opening brief to the Oregon Court of Appeals. Plaintiff made a strategic decision to challenge the ruling of the Oregon circuit court rather than refile a timely action in Washington. The strategic decision came with the risk that her claim could expire under the Washington statute of limitations while she litigated her dubious personal jurisdiction arguments in the Oregon appellate courts.

Where a plaintiff is unsure of the proper forum, and is worried about her claim expiring under the statute of limitations, prudence dictates that the plaintiff should file in two forums to preserve the statute of limitations. *Wheeling-Pittsburgh Steel Corp. v. Donovan Wire & Iron Co.*, 614 F.2d 945, 946 (4th Cir. 1980). This practice is so common that it bears its own name: "protective suit." *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 949 (9th Cir. 1978) ("After Boeing raised an affirmative defense based on the statute of limitations, BOAC filed a substantially identical 'protective' suit on November 9, 1973 in the Central District of California.").[2]

---

[2] They are called "protective suits" because they protect or preserve suits or claims from limitations defenses. *See, e.g., U.S. ex rel. Humbarger v. Law Co., Inc.,* 01-4156-SAC, 2002 WL 436772, at *2 (D. Kan. Feb. 20, 2002) ("Pending the arbitration a materialman could protect against the running of the one year statute of limitations found in Section 2(b) of the Miller Act by filing a protective suit[.]").

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 9**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

When Plaintiff is alerted to a potential problem with personal jurisdiction, she should file a protective suit in a court where personal jurisdiction is assured. "Elementary prudence should have prompted plaintiffs' lawyer to file a protective suit in a forum where personal jurisdiction was assured. Rather than file such a protective suit, plaintiffs gambled their case on an extremely dubious theory of personal jurisdiction." *Grynberg v. Ivanhoe Energy, Inc.*, 490 Fed. Appx. 86, 107 (10th Cir. 2012); *McFarlane v. Esquire Magazine*, 74 F.3d 1296, 1301 (D.C.Cir.1996) ("[B]ecause of McFarlane's ... inexplicable failure to file a protective suit, we think the district court was within its discretion in denying a transfer."); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir.1986) ("Elementary prudence would have indicated to her lawyer that he must file a protective suit in Michigan because there was only a slight probability of obtaining personal jurisdiction in Wisconsin over the defendants.... We ... remind plaintiffs and their counsel that they must determine where the plaintiff can get personal jurisdiction over the defendant before, not after, the statute of limitations runs; otherwise they court disaster.").

Here, defense counsel repeatedly told Plaintiff's counsel to file in Washington because Washington is the proper jurisdiction. Prudence therefore dictated that Plaintiff should have filed a suit in Washington before the statute of limitations ran to preserve the claim rather than to only proceed on an extremely dubious theory of personal jurisdiction in Oregon.[3]

When Plaintiff's Oregon state court action was dismissed for lack of personal jurisdiction, this should have alerted her of the need to file a protective suit in Washington, the jurisdiction that Defendant's attorneys had been telling her to file for months. *See, e.g., Ashton Gen. P'ship, Inc. v. Fed. Data Corp.,* 682 A.2d 629, 635 (D.C. 1996) ("The problem with Ashton's argument, as the trial court recognized, is that it should have filed a protective suit in

---

[3] Plaintiff's theory of personal jurisdiction was dubious. None of the case law from around the country supported plaintiff. All of it supported defendant.

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 10**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

Maryland. When Federal Data moved to dismiss Ashton's complaint in 1992 on personal jurisdictional grounds, Ashton should have been alerted to the need for a protective suit."). At that time, plaintiff's claim would have been timely in Washington.[4]

Where a Plaintiff makes a strategic decision to file in the improper forum, she should not be relieved from the consequences of that decision to overcome a limitations defense when she files a now-untimely claim in the proper forum. *Grayson v. DynaTen Corp.*, 10-CV-795-TCK-PJC, 2012 WL 1995284, at *2 (N.D. Okla. May 31, 2012) ("[A]ny statute of limitations problem with Plaintiff's claim is the result of Plaintiff's choice to file his claim in Tulsa, Oklahoma rather than in the state in which the alleged unlawful practice occurred[.]"); *Huffington v. T.C. Grp., LLC*, CIV.A. N11C-01-030JR, 2012 WL 1415930, at *6 (Del. Super. Ct. Apr. 18, 2012) (plaintiff not entitled to relief from his strategic decision to appeal the dismissal of his case from the improper forum rather than file in the proper forum, and his claim was dismissed as untimely).

There is no rule of principle that tolls the statute of limitations when the plaintiff files in the incorrect jurisdiction. That is why there are protective suits. One of the stated rationales for 28 U.S.C. §1631[5], which allows a district court to transfer rather than dismiss an action when it finds it lacks personal jurisdiction over the defendant, is to try to avoid the consequence where

---

[4] The state court judgment was entered on July 26, 2017, approximately a year before the Washington statute of limitations expired.

[5] The statute reads: "Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court (or, for cases within the jurisdiction of the United States Tax Court, to that court) in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred."

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 11**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

the statute of limitations in the transferee jurisdiction has expired while the matter was pending in the transferor jurisdiction.

> Congress's intent in passing § 1631 was to 'protect a plaintiff against either additional expense or the expiration of a relevant statute of limitations in the event that the plaintiff makes an error in trying to select the proper court within the complex federal court system.' 17 Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4104, at 406 (2d ed.1986) (citing S.Rep. No. 97-275 (1982)).

*Kulchin Found. Drilling Co. v. Axis Specialty Ins*. Co., C06-1155P, 2007 WL 858068, at *4 (W.D. Wash. Mar. 16, 2007). *See also Philips v. Seiter*, 173 F.3d 609, 610 (7th Cir.1999) ("A compelling reason for transfer is that the plaintiff whose case is transferred is for statute of limitations purposes deemed by section 1631 to have been filed in the transferee court ... will be time-barred if his case is dismissed and thus has to be filed anew in the right court.").There would be no need for such a statute if filing in the improper jurisdiction tolled the statute of limitations.

28 U.S.C. §1631 does not revive a claim that was already time-barred in the transferee jurisdiction when it was commenced in the transferor jurisdiction, like here. The statute merely says that the action shall proceed in the transferee court as if it had been filed in the transferee court on the date upon which it was filed in the transferor court. *Id*. If the action was already barred in the transferee jurisdiction at the time it was commenced in the transferor jurisdiction, this militates in favor of dismissal rather than transfer because the statute cannot save an action that was untimely when commenced. *See, e.g., Smith v. Bally's Casino,* CIV. A. 89-3172-LFO, 1990 WL 116816, at *2 (D.D.C. Aug. 2, 1990) (looking to transferee jurisdiction's statute of limitations and concluding that plaintiff's claims would be barred, so transfer is not warranted: "As plaintiff's action is barred by the New Jersey statute of limitations, the interests of justice would not be served by transferring this action to the District of New Jersey. Accordingly, an accompanying order will dismiss this action.").

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 12**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422  F (503) 222-4428

1    Plaintiff was not barred or prohibited from filing a timely claim in this Court following

2 the dismissal of her claim from the Oregon circuit court. And there is no rule or principle that

3 can revive or resuscitate Plaintiff's action here. The Washington statute of limitations expired

4 while Plaintiff pursued her dubious theory of personal jurisdiction in the Oregon state courts.

5 Accordingly, this should not or cannot be a basis for this Court not to apply the statute of

6 limitations to plaintiff's claim.

7    **X.    ORS 12.220 DOES NOT APPLY HERE**

8    Plaintiff next relies on ORS 12.220 to argue that her Complaint is timely. Complaint, ¶ 9.

9 This is an Oregon statute that does not apply here for the reasons set forth above.

10   **XI.   EQUITABLE TOLLING DOES NOT APPLY HERE**

11   Finally, Plaintiff argues that equitable tolling applies to save her claim from Defendant's

12 limitations defense. Complaint, ¶ 10. This is a diversity case, so Washington substantive law

13 applies to the question of whether Plaintiff is entitled to equitable tolling. *G & G Prods. LLC v.*

14 *Rusic*, 902 F.3d 940, 946 (9th Cir. 2018) ("Because our jurisdiction rests on the parties' diversity

15 of citizenship, we apply substantive state law, including state law regarding statutes of

16 limitations and tolling."). *See also Mayes v. Leipziger,* 729 F.2d 605, 608 (9th Cir. 1984)

17 (applying California's law regarding equitable tolling in a diversity action); *Houston v. Sheration*

18 *Centro,* CIV.05-3092-CL, 2007 WL 2492370, at *3 (D. Or. Aug. 24, 2007) (looking to Oregon

19 law in a diversity case regarding tolling of the statute of limitations, including equitable tolling).

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT**
**(3:20-cv-05643-BHS)**
**Page 13**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

This Court is well aware of Washington law regarding equitable tolling.

> The doctrine of equitable tolling prevents a defendant from asserting the statute of limitations when a defendant's actions have fraudulently, deceptively or in bad faith induced plaintiff to delay commencing suit until the applicable statute of limitations has expired. *Del Guzzi Constr. Co., Inc. v. Global Northwest Ltd., Inc.,* 105 Wash.2d 878, 719 P.2d 120 (1986). For the doctrine of equitable tolling to be applicable, a defendant must have actively concealed or misrepresented facts, or otherwise interposed a hindrance or impediment that prevented plaintiff from discovering or suing on the claim. *Wood v. Gibbons,* 38 Wash.App. 343, 685 P.2d 619, review denied, 103 Wash.2d 1009 (1984). In addition, a defendant is not equitably estopped from raising a statute of limitations defense when the plaintiff had actual notice of the facts giving rise to a claim in sufficient time for the plaintiff to commence an action before the expiration of the statute period. *Helgeson v. City of Marysville,* 75 Wash.App. 174, 881 P.2d 1042 (1994).

*Carney v. Warner*, C08-5653BHS, 2010 WL 724669, at *6 (W.D. Wash. Feb. 26, 2010)

The Eastern District of Washington recently summarized Washington law regarding equitable tolling:

> In Washington, courts may apply the doctrine of equitable tolling to allow a claim to proceed "when justice requires." *Trotzer v. Vig*, 149 Wash.App. 594, 606-07 (2009). However, courts should apply this doctrine "only sparingly." *Id*. "The one who asserts the doctrine of equitable tolling has the burden of proving each of the predicates for application of the doctrine." *Id*. at 607. "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id*. (quoting *Millay v. Cam*, 135 Wash.2d 193, 206 (1998)).

*Hawkins v. Douglas Cty*., 2:15-CV-0283-TOR, 2016 WL 347684, at *9 (E.D. Wash. Jan. 28, 2016). *See also In re Bonds,* 165 Wn.2d 135, 142, 196 P.3d 672, 676 (2008) (equitable tolling not available where did not demonstrate that defendant acted in bad faith, deceptively or with false assurances); *Douchette v. Bethel Sch. Dist. No*. 403, 117 Wash.2d 805, 812, 818 P.2d 1362 (1991) ("In the absence of bad faith on the part of the defendant and reasonable diligence on the part of the plaintiff, equity cannot be invoked."). Here, there is no evidence whatsoever of

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 14**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

anything even close to bad faith, deception or false assurances from Defendant. To the contrary, from the time Plaintiff improperly commenced her lawsuit against defendant in the Oregon circuit court, defense counsel repeatedly told Plaintiff's counsel that the matter belongs in Washington. *See* Declaration of Jonathan Henderson, filed herewith. This conversation began during conferral on Defendant's motion to dismiss the Oregon state court action for lack of personal jurisdiction, and continued all through the case, even before Plaintiff commenced this lawsuit in the Oregon federal district court. *Id*. Plaintiff's counsel rebuffed defense counsel at every turn and simply stated that he did not want to litigate this case in Washington. *Id*.

Before Plaintiff filed this lawsuit in the Oregon Federal District Court, counsel for Plaintiff and Defendant conferred on the issues of personal jurisdiction and the statute of limitations. Defendant's counsel told Plaintiff's counsel that the Oregon Federal District Court lacked personal jurisdiction for the same reasons the Oregon state courts lacked jurisdiction. Defendant's counsel also told Plaintiff's counsel that the suit was now time barred under the applicable Washington law. Notwithstanding this conferral that made it clear that Defendant would be asserting a limitations defense, Plaintiff still waited three months following entry of the amended judgment in the Multnomah County Circuit Court to commence this lawsuit. This demonstrates Plaintiff's lack of diligence. If defense counsel indicates that he is going to assert a limitations defense, a diligent plaintiff would file immediately.

There is nothing complex about this case that would require three months to prepare the Complaint. Plaintiff's Complaint is six pages long, with 19 paragraphs and a prayer. While it is Defendant's position that Plaintiff filed this lawsuit nearly two years too late, so it would have been time barred even if Plaintiff filed the moment the supplemental judgment was entered in the Oregon state court, the fact that Plaintiff still waited three months to file it when she knew that Defendant intended to assert the statute of limitations as a defense indicates a lack of diligence.

///

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 15**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

DAVIS ROTHWELL
EARLE & XÓCHIHUA, P.C.
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

Courts have found that waiting three months to perform an act like filing or amending shows a lack of diligence. *Gutz v. Johnson*, 128 Wn. App. 901, 919, 117 P.3d 390, 399 (2005), *aff'd sub nom. Morin v. Burris*, 160 Wn.2d 745, 161 P.3d 956 (2007) (waiting three months to set aside a default judgment showed lack of diligence); *Ha v. Signal Elec., Inc.*, 182 Wn. App. 436, 454, 332 P.3d 991, 999 (2014) (same); *O2 Micro v. Monolithic Power Sys.*, 467 F.3d 1355, 1367 (Fed. Cir. 2006) (stating that three months was not diligent); *Power Integrations, Inc. v. Fairchild Semiconductor Int'l*, 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013) (two months delay was not diligent); *EON CorpIP Holdings LLC v. Aruba Networks,* 2013 WL 6001179, at *3 (N.D. Cal. Nov. 12, 2013) (three months not diligent); *Potter Voice Techs., LLC v. Apple Inc.*, C 13-1710 CW, 2015 WL 13404106, at *2 (N.D. Cal. Mar. 20, 2015) ("Having waited over three months since the stay was lifted to file the present motion, PVT has not demonstrated diligence."); *Manriquez v. City of Phoenix*, 654 Fed.Appx. 350, 351 (9th Cir. 2016) (finding that plaintiffs failed to act diligently when they moved to amend three months after the identity of a potential defendant became apparent); *Sako v. Wells Fargo Bank, N.A*., No. 14cv1034-GPC (JMA), 2015 WL 5022326, at *2 (S.D. Cal. Aug. 24, 2015) (filing a motion to amend two months after discovering the new facts did not constitute diligence); *Bonneau v. SAP Am., Inc.*, No. C 03-5516 PJH, 2004 WL 2714406, at *1 (N.D. Cal. Nov. 29, 2004) (denying leave to amend when plaintiff's attorneys waited approximately three months to amend after plaintiff's deposition).

There is nothing that Plaintiff can point to that would establish the necessary predicates for application of equitable tolling under Washington law. Defendant did not act in bad faith, with deception, or offer Plaintiff false assurances. Defendant began telling Plaintiff that she needed to file in Washington years ago, and many months before the statute of limitations expired. And Plaintiff has not acted with diligence. Plaintiff simply neglected to refile her action in Washington in a timely manner. Under those circumstances, equitable tolling is not warranted.

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT (3:20-cv-05643-BHS)**
**Page 16**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON 97201
T (503) 222-4422 F (503) 222-4428

"Courts typically permit equitable tolling to occur only sparingly, and should not extend it to a 'garden variety claim of excusable neglect.'" *State v. Duvall*, 86 Wn. App. 871, 875, 940 P.2d 671, 674 (1997). Here, *at most*, Plaintiff presents a garden variety claim of excusable neglect. Equitable tolling does not apply, and Plaintiff's claim is barred by the Washington statute of limitations.

## XII. CONCLUSION

Plaintiff's claim is barred on the face of the Complaint, and none of the theories Plaintiff alleges to avoid Defendant's limitations defense apply here. Washington law applies; Oregon law does not, so Plaintiff's reliance on Oregon statutes is misplaced. Washington's tolling statute does not apply because Defendant was served pursuant to the Hague Convention, and the Washington Supreme Court has explicitly held that the tolling statute does not apply in this situation. There was nothing barring Plaintiff from filing her lawsuit in this Court or in the Washington state courts after the Oregon circuit court dismissed her lawsuit. She made a strategic decision to appeal and pursue a dubious argument regarding personal jurisdiction, and she made that strategic decision at her own peril. Finally, equitable tolling does not apply here because Plaintiff cannot establish the necessary predicates for application of equitable tolling. The Court should therefore grant Defendant's motion and enter judgment in favor of Defendant.

DATED this 31st day of July, 2020.

DAVIS ROTHWELL
EARLE & XÓCHIHUA P.C.

s/Jonathan Henderson
_____
Jonathan Henderson, WSBA No. 54263
Davis Rothwell Earle & Xóchihua PC
200 SW Market St., Ste 1800
Portland OR  97201
Tel: 503-222-4422
Fax: 503-222-4428
Email: jhenderson@davisrothwell.com

**DEFENDANT'S MOTION FOR SUMARY JUDGMENT**
**(3:20-cv-05643-BHS)**
**Page 17**
L:\91\WALLACE\PLEADING\USDC - WEST. WASHINGTON\MOTION for SUMMARY JUDGMENT.docx

**DAVIS ROTHWELL**
**EARLE & XÓCHIHUA, P.C.**
200 SW MARKET ST, SUITE 1800
PORTLAND, OREGON  97201
T (503) 222-4422 F (503) 222-4428