UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MINKA WALLACE,<br><br>                Plaintiff,<br><br>    v.<br><br>STEPHEN C. HOLDEN,<br><br>                Defendant. | CASE NO. C20-5643 BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant Stephen Holden's ("Holden") motion for summary judgment. Dkt. 34. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

### I. PROCEDURAL HISTORY

On March 9, 2020, Plaintiff Minka Wallace ("Wallace") filed a complaint against Holden in the District of Oregon asserting a claim for negligence against Holden. Dkt. 1. On June 29, 2020, District Judge Anna Brown concluded that she did not have personal jurisdiction over Holden and transferred the matter to this district. Dkt. 28.

ORDER - 1

1       On July 31, 2020, Holden filed a motion for summary judgment. Dkt. 34. On

2 August 23, 2020, Wallace responded. Dkt. 37. On August 26, 2020, Holden replied.

3 Dkt. 39.

## II. FACTUAL BACKGROUND

5       On July 19, 2015, Wallace and Holden were in an automobile accident that

6 occurred in Vancouver, Washington. Wallace is a resident of Oregon, and Holden is a

7 resident of the United Kingdom. On September 28, 2016, Wallace filed a complaint

8 against Holden in Multnomah County Court for the State of Oregon alleging injuries

9 from the accident. Although the trial court dismissed the complaint with prejudice for

10 lack of personal jurisdiction over Holden, the Oregon Court of Appeals reversed on the

11 issue of dismissal with prejudice. On December 18, 2019, the state trial court entered

12 judgment dismissing the complaint without prejudice.

## III. DISCUSSION

14 **A. Summary Judgment Standard**

15       Summary judgment is proper only if the pleadings, the discovery and disclosure

16 materials on file, and any affidavits show that there is no genuine issue as to any material

17 fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

18 The moving party is entitled to judgment as a matter of law when the nonmoving party

19 fails to make a sufficient showing on an essential element of a claim in the case on which

20 the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317,

21 323 (1986). There is no genuine issue of fact for trial where the record, taken as a whole,

22 could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec.*

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial—e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888–89 (1990).

**B.   Merits**

Holden argues that Wallace's claim should be dismissed with prejudice because it is time-barred. The parties do not dispute that Washington's three-year statute of limitations governs Wallace's claim or that the limitations period expired July 19, 2018, which was approximately twenty months before she filed her complaint in federal court.

Wallace, however, argues that the Court should toll the period of limitations under both statutory and equitable principles. Wallace fails to establish that either principle applies.

First, RCW 4.16.180 provides that the statute of limitation may be tolled when a defendant is absent from the state or is concealed therein. The Washington Supreme Court, however, has "held that this statute should not be applied if the defendant can be served with process" under the Hague Convention. *Broad v. Mannesmann Anlagenbau, A.G.*, 141 Wn.2d 670, 681 (2000) (citing *Summerrise v. Stephens*, 75 Wn.2d 808 (1969)). Because Wallace served Holden under the Hague Convention, statutory tolling does not apply.

Second, Wallace argues that equitable tolling applies for some or all of the time period that the matter was in Oregon state court. Wallace's primary theory is that because the trial court incorrectly dismissed her claim with prejudice, she was precluded from filing a new action in Washington. Wallace, however, fails to establish that she was precluded from filing a new complaint based on a dismissal for lack of personal jurisdiction whether that dismissal was with or without prejudice. Instead, dismissal for want of jurisdiction does not preclude subsequent actions involving the same subject matter. *Ruiz v. Snohomish Cty. Pub. Util. Dist. No. 1*, 824 F.3d 1161, 1164 (9th Cir. 2016) ("a dismissal for want of personal jurisdiction is *not* a judgment "on the merits" for the purpose of res judicata."); *Peterson v. Morris*, 119 Wash. 335, 346 (1922) ("If the former trial went off . . . for want of jurisdiction . . . the judgment thereon will constitute no bar to another suit."). Thus, both binding precedent and Washington law undermine Wallace's argument that she was precluded from timely filing a subsequent suit. In an

absence of some obstacle beyond Wallace's control that prevented her from timely filing her complaint in federal court, Wallace has failed to establish an entitlement to equitable tolling.

Finally, Wallace also argues that she is entitled to equitable tolling under principles of equity. Dkt. 37 at 13–14. "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Millay v. Cam*, 135 Wn.2d 193, 206 (1998). Wallace fails to submit any facts to establish that Holden acted in bad faith, deceived Wallace, or provided Wallace with any false assurances regarding this matter. Instead, Wallace bases her argument on the assertion that the previous matter was "tied up in Oregon courts by defendant's erroneous insistence that plaintiff's case be dismissed with prejudice." Dkt. 37 at 13. Defending a matter on appeal is neither acting in bad faith nor deceptive. Moreover, numerous relevant authorities established that Wallace could have timely filed this subsequent complaint while that appeal was pending. Therefore, the Court grants Holden's motion because Wallace's claim is untimely and she has failed to establish any entitlement to tolling of the applicable statute of limitations.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that Holden's motion for summary judgment, Dkt. 34, is **GRANTED**. The Clerk shall enter a **JUDGMENT** and close the case.

\

\

\

Dated this 22nd day of October, 2020.

_____
BENJAMIN H. SETTLE
United States District Judge